**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSHUA MARKLE, an individual; JESSICA MARKLE, an individual,<br><br>Plaintiffs<br><br>vs.<br><br>DAIRYLAND INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:26-cv-01315-RFB-MDC<br><br>**ORDER DENYING DEFENDANT'S UNILATERAL DISCOVERY PLAN AND SCHEDULING ORDER (ECF No. 11)**<br><br>**AND**<br><br>**IMPOSING ALTERNATIVE DISCOVERY PLAN AND SCHEDULING ORDER** |
| VIKING INSURANCE COMPANY, a foreign corporation;<br><br>Counterclaimant<br><br>vs.<br><br>JOSHUA MARKLE, an individual; JESSICA MARKLE, an individual,<br><br>Counter-Defendants. | |

The Court has reviewed and considered defendant's unilateral *Discovery Plan and Scheduling Order* (ECF No. 11) and plaintiff's response (ECF No. 31). The Court also considered the parties' arguments and points during the 06/22/26 hearing (ECF No. 19), and also Viking Insurance Company's *Motion to Bifurcate* (ECF No. 17), which the Court addresses separately.

The Court **DENIES** defendant's unilateral *Discovery Plan and Scheduling Order* (ECF No. 11) because the Court declines to bifurcate discovery and finds defendant's proposed discovery period to be too abbreviated. Instead, the Court exercises its inherent power to control its docket and enters the below

schedule for completing discovery and pre-trial matters. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

ACCORDINGLY,

**IT IS ORDERED** that the *Proposed Discovery Plan and Scheduling Order* (ECF No. 11) is **DENIED.**

**IT IS FURTHER ORDERED** that the following scheduling deadlines apply:

1. **Initial Disclosures.** The Parties shall serve their initial disclosures no later than **August 10, 2026**. Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure (sometime abbreviated as "Fed. R. Civ. P.") identifies the following items that the parties must disclose to each other as part of their initial disclosures:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and
>
> (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

2. **Discovery Cut-off**: Pursuant to LR 16-1(b) and LR 26-2, discovery in this action shall be completed on or before **January 11, 2027**.

3. **Amending the Pleadings and Adding Parties**. The deadline for filing motions to amend the pleadings or to add parties is **October 9, 2026**.

Plaintiff should note that complaints cannot be amended to add unrelated claims or new claims that occurred after the original complaint. *See e.g., Hill v. Marciano,* No. 20-cv-01717-JAD-DJA, 2021 WL 8016909, at *5 (D. Nev. July 30, 2021) ("Hill may not amend the complaint to add unrelated claims against other defendants or new claims or events that took place after the original complaint was filed."); *Langford v. Dzurenda*, No. 19-cv-00010-RCJ-WGC, 2020 WL 1815824, at *1 (D. Nev. April 9, 2020) ("Plaintiff does not have leave to include in the amended complaint any unrelated claims against other defendants, and an amended complaint may not include any allegations concerning events that have transpired since he filed his original complaint.") (emphasis in original); *Wilcox v. Portfolio Recovery Assocs., LLC*, No. 20-cv-01545-JAD-NJK, 2022 WL 1908863, at *3 (D. Nev. June 3, 2022) ("The Wilcoxes may not amend the complaint to add unrelated claims against other defendants, replead claims that were previously dismissed with prejudice, or include new claims based on events that have taken place since the original complaint was filed.").

**4. Expert Witnesses**. Expert disclosures shall be made on or before **November 9, 2026**, and the disclosures of rebuttal experts shall be made on or before **December 9, 2026**.

Experts are witnesses who are qualified as experts by knowledge, skill, experience, training, or education, and may testify in the form of an opinion or otherwise.

**5. Dispositive Motions**. Dispositive motions shall be filed and served no later than **February 10, 2027**.

A "dispositive motion" is a motion that, if granted, eliminates an issue or issues from the case, or resolve a claim or the entire case on the merits. For example, a motion for summary judgment under Fed. R. Civ. P. 56 is a dispositive motion. Rule 56(a) provides, in relevant part, "A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which

summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*

**6.** **Joint Pretrial Order**. The joint pretrial order is due by **March 9, 2027**.

The form for the joint pretrial order can be found at LR 16-4 of the Court's Local Rules. If dispositive motions are filed, the joint pretrial order is due thirty days from the entry of the court's rulings on the dispositive motions or by further order of the court.

**7.** **Extensions of Discovery**. Pursuant to LR 26-3, an extension of the discovery deadline will not be allowed without a showing of good cause. All motions or stipulations to extend discovery shall be received by the Court at least twenty-one (21) days prior to the date fixed for completion of discovery by this scheduling order, or at least twenty-one (21) days prior to the expiration of any extension that may have been approved by the Court. The motion or stipulation shall include:

(a) A statement specifying the discovery completed;

(b) A specific description of the discovery that remains to be completed;

(c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

(d) A proposed schedule for completing all remaining discovery.

**8.** **Discovery Disputes.** Any discovery disputes must be resolved pursuant to the procedures set forth in the Court's 05/20/26 Standing Order (ECF No. 8). Failure to comply may result in outright denial of requested relief and/or sanctions.

//

//

//

//

//

**9.** **Discovery Documents**. The parties shall not file discovery materials or random, stand-alone documents that do not pertain to any motion or other request for relief. Please see Local Rule IC 1-1(12).

DATED: July 15, 2026.

IT IS SO ORDERED.

Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

## GENERAL DISCOVERY OVERVIEW

Because this is a *pro se* matter, the Court provides the following general overview of discovery and the various mechanisms the parties may use to obtain discovery under the Federal Rules of Civil Procedure. This is not an inclusive list of available discovery mechanisms, and the parties are expected to review and comply with the Federal Rules of Civil Procedure and the Court's Local Rules for additional rules and information regarding discovery.

**1.** **Depositions**. Parties may depose other parties or witnesses. Fed. R. Civ. P. 30 provides:

**Rule 30. Depositions by Oral Examination**

**(a) When a Deposition May Be Taken.**

(1) Without Leave. A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45.

(2) With Leave. A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):

(A) if the parties have not stipulated to the deposition and:

(i) the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants;

(ii) the deponent has already been deposed in the case; or

(iii) the party seeks to take the deposition before the time specified in Rule 26(d), unless the party certifies in the notice, with supporting facts, that

the deponent is expected to leave the United States and be unavailable for examination in this country after that time; or

(B) if the deponent is confined in prison.

**(b) Notice of the Deposition; Other Formal Requirements.**

(1) Notice in General. A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address. If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs.

(2) Producing Documents. If a subpoena duces tecum is to be served on the deponent, the materials designated for production, as set out in the subpoena, must be listed in the notice or in an attachment. The notice to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition.

(3) Method of Recording.

(A) Method Stated in the Notice. The party who notices the deposition must state in the notice the method for recording the testimony. Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means. The noticing party bears the recording costs. Any party may arrange to transcribe a deposition.

(B) Additional Method. With prior notice to the deponent and other parties, any party may designate another method for recording the testimony in addition to that specified in the original notice. That party bears the expense of the additional record or transcript unless the court orders otherwise.

(4) By Remote Means. The parties may stipulate--or the court may on motion order--that a deposition be taken by telephone or other remote means. For the purpose of this rule and Rules 28(a), 37(a)(2), and 37(b)(1), the deposition takes place where the deponent answers the questions.

(5) Officer's Duties.

(A) Before the Deposition. Unless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28. The officer must begin the deposition with an on-the-record statement that includes:

(i) the officer's name and business address;

(ii) the date, time, and place of the deposition;

(iii) the deponent's name;

(iv) the officer's administration of the oath or affirmation to the deponent; and

(v) the identity of all persons present.

(B) Conducting the Deposition; Avoiding Distortion. If the deposition is recorded non-stenographically, the officer must repeat the items in Rule 30(b)(5)(A)(i)-(iii) at the beginning of each unit of the recording medium. The deponent's and attorneys' appearance or demeanor must not be distorted through recording techniques.

(C) After the Deposition. At the end of a deposition, the officer must state on the record that the deposition is complete and must set out any stipulations made by the attorneys about custody of the transcript or recording and of the exhibits, or about any other pertinent matters.

(6) Notice or Subpoena Directed to an Organization. In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination. A subpoena must advise a nonparty organization of its duty to confer with the serving party and to designate each person who will testify. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

**(c) Examination and Cross-Examination; Record of the Examination; Objections; Written Questions**.

(1) Examination and Cross-Examination. The examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615. After putting the deponent under oath or affirmation, the officer must record the testimony by the method designated under Rule 30(b)(3)(A). The testimony must be recorded by the officer personally or by a person acting in the presence and under the direction of the officer.

(2) Objections. An objection at the time of the examination--whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition--must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

(3) Participating Through Written Questions. Instead of participating in the oral examination, a party may serve written questions in a sealed envelope on the party noticing the deposition, who must deliver them to the officer.

The officer must ask the deponent those questions and record the answers verbatim.

**(d) Duration; Sanction; Motion to Terminate or Limit.**

(1) Duration. Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours. The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.

(2) Sanction. The court may impose an appropriate sanction--including the reasonable expenses and attorney's fees incurred by any party--on a person who impedes, delays, or frustrates the fair examination of the deponent.

(3) Motion to Terminate or Limit.

(A) Grounds. At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. The motion may be filed in the court where the action is pending or the deposition is being taken. If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order.

(B) Order. The court may order that the deposition be terminated or may limit its scope and manner as provided in Rule 26(c). If terminated, the deposition may be resumed only by order of the court where the action is pending.

(C) Award of Expenses. Rule 37(a)(5) applies to the award of expenses.

**(e) Review by the Witness; Changes.**

(1) Review; Statement of Changes. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

(A) to review the transcript or recording; and

(B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

(2) Changes Indicated in the Officer's Certificate. The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

**(f) Certification and Delivery; Exhibits; Copies of the Transcript or Recording; Filing.**

(1) Certification and Delivery. The officer must certify in writing that the witness was duly sworn and that the deposition accurately records the witness's testimony. The certificate must accompany the record of the

deposition. Unless the court orders otherwise, the officer must seal the deposition in an envelope or package bearing the title of the action and marked “Deposition of [witness's name]” and must promptly send it to the attorney who arranged for the transcript or recording. The attorney must store it under conditions that will protect it against loss, destruction, tampering, or deterioration.

(2) Documents and Tangible Things.

(A) Originals and Copies. Documents and tangible things produced for inspection during a deposition must, on a party's request, be marked for identification and attached to the deposition. Any party may inspect and copy them. But if the person who produced them wants to keep the originals, the person may:

(i) offer copies to be marked, attached to the deposition, and then used as originals--after giving all parties a fair opportunity to verify the copies by comparing them with the originals; or

(ii) give all parties a fair opportunity to inspect and copy the originals after they are marked--in which event the originals may be used as if attached to the deposition.

(B) Order Regarding the Originals. Any party may move for an order that the originals be attached to the deposition pending final disposition of the case.

(3) Copies of the Transcript or Recording. Unless otherwise stipulated or ordered by the court, the officer must retain the stenographic notes of a deposition taken stenographically or a copy of the recording of a deposition taken by another method. When paid reasonable charges, the officer must furnish a copy of the transcript or recording to any party or the deponent.

(4) Notice of Filing. A party who files the deposition must promptly notify all other parties of the filing.

**(g) Failure to Attend a Deposition or Serve a Subpoena; Expenses. A party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to**:

(1) attend and proceed with the deposition; or

(2) serve a subpoena on a nonparty deponent, who consequently did not attend.

**2.** **<u>Interrogatories</u>.** The parties may serve each other written questions, called “interrogatories.” Fed. R. Civ. P. 33 provides:

**Rule 33. Interrogatories to Parties**

**(a) In General.**

**(1)** ***Number.*** Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2).

**(2)** ***Scope.*** An interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.

**(b) Answers and Objections.**

**(1)** ***Responding Party.*** The interrogatories must be answered:

**(A)** by the party to whom they are directed; or

**(B)** if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party.

**(2)** ***Time to Respond.*** The responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

**(3)** ***Answering Each Interrogatory.*** Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.

**(4)** ***Objections.*** The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.

**(5)** ***Signature.*** The person who makes the answers must sign them, and the attorney who objects must sign any objections.

**(c) Use.** An answer to an interrogatory may be used to the extent allowed by the Federal Rules of Evidence.

**(d) Option to Produce Business Records.** If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:

**(1)** specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and

**(2)** giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

**3.** **Request Documents**. The parties may request documents from each other. Fed. R. Civ. P. 34 provides:

**Rule 34. Producing Documents, Electronically Stored Information, and Tangible Things, or Entering Onto Land, for Inspection and Other Purposes**

**(a) In General.** A party may serve on any other party a request within the scope of Rule 26(b):

**(1)** to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:

**(A)** any designated documents or electronically stored information--including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations--stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or

**(B)** any designated tangible things; or

**(2)** to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

**(b) Procedure.**

**(1)** ***Contents of the Request.*** The request:

**(A)** must describe with reasonable particularity each item or category of items to be inspected;

**(B)** must specify a reasonable time, place, and manner for the inspection and for performing the related acts; and

**(C)** may specify the form or forms in which electronically stored information is to be produced.

**(2)** ***Responses and Objections.***

**(A)** *Time to Respond.* The party to whom the request is directed must respond in writing within 30 days after being served or--if the request was delivered under Rule 26(d)(2)--within 30 days after the parties' first Rule 26(f) conference. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

**(B)** *Responding to Each Item.* For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of

permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.

**(C)** *Objections.* An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.

**(D)** *Responding to a Request for Production of Electronically Stored Information.* The response may state an objection to a requested form for producing electronically stored information. If the responding party objects to a requested form--or if no form was specified in the request--the party must state the form or forms it intends to use.

**(E)** *Producing the Documents or Electronically Stored Information.* Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:

**(i)** A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;

**(ii)** If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and

**(iii)** A party need not produce the same electronically stored information in more than one form.

**(c) Nonparties.** As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection.