**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Joshua Markle, et al.,

Plaintiff(s),

vs.

Dairyland Insurance Company, LLC, et al.,

Defendant(s).

2:26-cv-01315-RFB-MDC

**ORDER**

The Court has reviewed the parties' motions. The Court rules as follows:

- The Court **DENIES** the *Motion for Leave to Amend* (ECF No. 68) and the *Motion for Pro Se Litigant to File Electronically* (ECF No. 23) without prejudice, with leave to refile by **November 30, 2026.**

- The Court **GRANTS** the *Motion to Strike* (ECF No. 15) and **DENIES** the related *Motion Pleading* (ECF No. 28).

- The Court **GRANTS** the *Motion to Extend Time* (ECF No. 80) nunc pro tunc.

- The Court **GRANTS** the *Motion to Dismiss Defendant Gena Sluga* (ECF No. 88)

- The Court **GRANTS** and **DENIES** the Motion to Seal (ECF No. 61) **IN PART.** While the Court will not unseal the physical evidence that the plaintiffs filed with the Court, the Court directs the Clerk of Court to return the thumb drive to the plaintiffs as an improper *ex parte* filing.

- The Court **DENIES** the *Motions for Leave to File Document* (ECF Nos. 35 and 71) as moot and unnecessary.

- The Court **DENIES** the *Motions to Compel* (ECF Nos. 36 and 73), the *Motion for a Status Check* (ECF No. 72), and the *Motion for Reconsideration* (ECF No. 76).

- The Court **DENIES** the *Motion for Entry of Default* (ECF No. 63) as moot.

Given the volume of filings, the Court related motions together when their issues significantly overlap.

## I. MOTION TO STRIKE (ECF NO. 15), MOTION PLEADING (ECF NO. 28), MOTION FOR ENTRY OF DEFAULT (ECF NO. 63), MOTION FOR LEAVE TO AMEND (ECF NO. 68), AND MOTION TO DISMISS DEFENDANT GENA L. SLUGA (ECF NO. 88)

Defendants move to strike (ECF No. 15) plaintiffs' first amended complaint (ECF No. 14). Pro se plaintiffs thereafter made numerous filings and amendments to their pleadings. Among them, plaintiffs timely filed their Motion for Leave to Amend (ECF No. 68) before the deadline to amend in the Court's Scheduling Order (ECF No. 44 at 3). The plaintiffs also attached a copy of the proposed amended complaint to the Motion for Leave to Amend. *ECF No. 68-1*. In the intervening time, however, plaintiffs also filed additional amended complaints without accompanying motions for leave (ECF Nos. 84 and 85) and also moved to dismiss defendant Gena Sluga (ECF No. 88). The deadline to amend has now passed. *ECF No. 44 at 3*. Given plaintiffs' numerous filings, it is not clear to the Court what amendment plaintiffs wish to make. Thus, the Court **GRANTS** defendant's Motion to Strike (ECF No. 15) and strikes plaintiffs' first amended complaint (ECF No. 14). The Court further *sua sponte* strikes plaintiffs' amended complaints at ECF Nos. 84 and 85, because they were filed without leave and are fugitive documents. *See Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990)(courts have inherent power to control their dockets).

Because the numerous amended pleadings have confused the record, the Court **DENIES** the Motion for Leave to Amend (ECF No. 68) without prejudice. The Court is mindful that plaintiffs are pro-se and extends plaintiffs the right and opportunity to file Motion to For Leave to Amend their complaint. If plaintiffs elect to file a Motion for Leave to Amend, they must include a copy of one, all-inclusive, proposed amended complaint and must file their motion by **November 30, 2026**.

There are pending summary judgment motions and cross-motions filed by the parties. *See, e.g., ECF Nos. 48, 59, 64, 90.* All parties claim the absence of disputed facts and appear to seek summary judgment regarding plaintiffs' bad-faith and consumer fraud claims, asserted in plaintiffs' original complaint (ECF No. 1-1), and defendants' counterclaims (ECF No. 5) for declaratory relief regarding the parties' rights and obligations under the insurance policy and related agreements. Thus, if plaintiffs elect to file a Motion for Leave to Amend their original complaint (ECF No. 1-1), their motion must include a brief discussion whether the proposed amendment to their original complaint affects the pending summary judgment motions. Defendants' response to plaintiffs' Motion for Leave to Amend must include a similar brief discussion.

Plaintiffs must not file any additional separate amended complaints. Plaintiffs' Motion Pleading is **DENIED** because it is an improper additional opposition to defendants' Motion to Strike (ECF No. 15); plaintiffs filed separate oppositions to that motion at ECF Nos. 26 and 27. In the future, the plaintiffs should not file additional oppositions as a motion. Plaintiffs must follow the motion practice provided by LR 7-2, which generally goes as follows: First, a motion is filed, which requests something from the court. *See LR 7-1(a).* Next, the other party files a response or opposition to the motion (*see LR 7-2(b))*, which it limited to addressing only "the issues raised in the motion." *Sliptchuik v. ING Bank, FSB*, No. 6:13-CV-460-ORL-28, 2013 WL 4596951, at *2 (M.D. Fla. Aug. 28, 2013). Finally, the party who filed the motion gets to file a "reply" (*see LR 7-2 (b)),* which is generally limited to replying to the arguments "raised by the opposition or unforeseen at the time of the original motion." *Townsend v. Monster Beverage Corp*., 303 F. Supp. 3d 1010, 1027 (C.D. Cal. 2018). Further briefs are discouraged and generally not allowed unless expressly permitted by the Court. *See LR 7-2(b).*

The Court **GRANTS** plaintiffs' Motion to Dismiss Defendant Gena Sluga (ECF No. 88) for good cause shown and **DENIES** plaintiffs' Motion for Entry of Default against Attorney Sluga (ECF No. 63) as moot.

## II. MOTION TO FILE ELECTRONICALLY (ECF NO. 23)

Under Local Rule IC 2-1(b), a pro se litigant may request the Court's authorization to register as a filer in a specific case. Per LR IC 2-1(j), each filer is responsible for monitoring his or her email to ensure timely receipt of electronically filed and served documents. "[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity." *Simon v. Hartford Life & Accident Ins. Co*., 546 F.3d 661, 664 (9th Cir. 2008) (citations omitted).

This case is brought by two plaintiffs who are representing themselves, but Joshua Markle filed the instant motion on behalf of himself, as it only seeks permission for him to file electronically and is only signed by him. *ECF No. 23*. The problem here is that both plaintiffs represent themselves, and a single pro se litigant is prohibited from filing motions or pursuing claims on behalf of another pro se litigant. The Court thus cannot grant the instant motion because it may limit Jessica Markle's independent access to the Court. Thus, the Motion to File Electronically (ECF No. 23) is **DENIED** without prejudice. The pro se plaintiffs may file a new request to file electronically by November 30, 2026. If plaintiffs renew their request, they may either file separate motions or they may file a joint motion which they must both sign. Each plaintiff should also attest that they each will have their own access to e-filing.

## III. MOTION FOR LEAVE TO FILE DOCUMENT (ECF NO. 35) AND MOTION TO COMPEL (ECF NO. 36)

Plaintiffs' Motion for Leave to File Document (ECF No. 35) requests to file a status report per a Court order. *ECF No. 35 at 2*. The defendants removed this case to this Court on April 29, 2026.

*ECF No. 1*. After the matter was removed, the Court entered a Minute Order on April 30, 2026 (ECF No. 4) requesting a joint status report regarding the status of the removed action. Given the development of this case, the Court finds that such status report is not necessary and thus, **DENIES** the plaintiffs' Motion for Leave to File Document (ECF No. 35).

Plaintiffs also filed a Motion to Compel, which asks the Court to compel the defendants to negotiate a settlement with them. *ECF No. 36*. While the Court encourages the parties to voluntarily settle this civil suit, the Court cannot force or coerce the parties into settling this case. The Court thus **DENIES** this Motion to Compel. *ECF No. 36*.

## IV. MOTION TO SEAL (ECF NO. 61) AND MOTION TO EXTEND TIME (ECF NO. 80)

Plaintiffs argue in their Motion to Seal that they filed a physical storage device containing native audio recordings, dashcam footage, CAD logs, DMV reports, and insurer communications with the clerk's office that they want to remain under seal. *ECF No. 61*. The evidence does not appear to support any pending motion before the Court, rather plaintiffs appear to believe that filing this preserves it, which goes to the merits of their case. Defendants oppose sealing because they argue that plaintiffs appear to be referring to evidence that has not been disclosed to them during discovery. *ECF No. 78*.

Per Local Rule IA 10-5(d), "[d]ocuments filed under seal in a civil case must be served in accordance with LR IC 4-1(c)." The Court confirmed with the Clerk's Office that plaintiffs submitted a thumb drive as a manual filing. The Court, however, **did not review** the contents of the thumb drive. Given that plaintiffs have not served a copy of the thumb drive to the defendants, and the thumb drive does not appear to be related to any pending motion, the Court finds that the thumb drive is an improper *ex parte* submission. The Court **GRANTS** and **DENIES** the Motion to Seal (ECF No. 61) in part. While the Court will not unseal the contents of the thumb drive, the Court directs the Clerk of

Court to return the thumb drive to the plaintiffs via the address the plaintiffs provided on the docket. The Court cautions the parties to comply with their discovery obligations.

Plaintiffs filed a Motion to Extend Time to file a response to the Motion to Strike (ECF No. 66) and a reply to the Motion to Seal (ECF No. 61) until September 14, 2026. *ECF No. 80.* District courts have inherent power to control their dockets. *Hamilton Copper & Steel Corp.*, 898 F.2d at 1429; *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). Per Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." The defendants did not oppose, and the Court **GRANTS** the request *nunc pro tunc*. The Court notes that plaintiffs filed their response (ECF No. 67) to the Motion to Strike (ECF No. 66) before their proposed deadline, but it does not appear that plaintiffs filed a reply that is linked to the Motion to Seal (ECF No. 61).

## V. MOTION FOR LEAVE TO FILE DOCUMENT (ECF NO. 71)

Plaintiffs filed a Motion for Leave to File Document which is a combined opposition to the defendants' Motion to Strike (ECF No. 66) and a cross-motion to file a standalone exhibit. *ECF No. 71*. Per Local Rule IA 10-3, the proper way to file an exhibit is to separately attach the exhibits to the particular filing and include an index. See LR IA 10-3. The Court **DENIES** plaintiffs' Motion for Leave to File Document (ECF No. 71) as unnecessary because plaintiffs may attach exhibits to support their motions, responses, or replies, without seeking leave. In the future, plaintiffs must attach their exhibits to motions or other filings seeking relief and include an index per Local Rule IA 10-3. Plaintiffs must not file random, stand-alone exhibits or other discovery material. *See LR IC 1-1(12); Hamilton Copper & Steel Corp.*, 898 F.2d at 1429 (courts have inherent power to control their dockets).

//

//

**VI. MOTION FOR STATUS CHECK (ECF NO. 72) AND MOTION TO COMPEL (ECF NO. 73)**

The plaintiffs ask for a status conference and/or hearings on their pending motions. *ECF Nos. 72 and 73.* The Court declines setting a status conference or holding a hearing at this time, though the Court may hold a hearing in the future. Plaintiffs have also moved the Court to compel a settlement conference. *Id.* The defendants oppose holding a settlement conference. *ECF No. 82*. Unless both parties in this case request the Court to conduct a settlement conference, the Court will not order a court-supervised settlement conference. The Court thus **DENIES** both motions. *ECF Nos. 72 and 73*.

**VII. MOTION FOR RECONSIDERATION (ECF NO. 76)**

A Motion for Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir.2000). The defendants ask the Court to reconsider its prior denial of the request to bifurcate trial and discovery. *ECF No. 76*. Defendants argue that circumstances have changed because their summary judgment motion is now fully briefed and can allegedly be decided solely by interpreting the policy and applying undisputed facts. *Id*. The Court also notes that plaintiffs have also filed cross-motions for summary judgment and the parties claim no disputed facts exists relative to their motions. The Court finds that such developments should be addressed via a separate motion to stay discovery or stipulation to stay discovery pending the resolution of the pending dispositive motions. The Court thus **DENIES** the Motion for Reconsideration. *ECF No. 76*. As noted, the Court will consider a motion or stipulation to stay, given the status of the pending motions and cross-motions for summary judgment.

**IT IS ORDERED that:**

1. The *Motion for Leave to Amend* (ECF No. 68) and the *Motion for Pro Se Litigant to File*

*Electronically* (ECF No. 23) are **DENIED** without prejudice, with leave to refile by **November 30, 2026**, as directed in this Order.

2. The *Motion to Strike* (ECF No. 15) is **GRANTED** and the related *Motion Pleading* (ECF No. 28) is **DENIED** for the reasons discussed in this Order.
3. The Court Clerk is kindly directed to strike plaintiffs' amended complaints at ECF Nos. 14, 84, and 85.
4. The *Motion to Extend Time* (ECF No. 80) is **GRANTED** nunc pro tunc.
5. The *Motion to Dismiss Defendant Gena Sluga* (ECF No. 88) is **GRANTED.**
6. The *Motion to Seal* (ECF No. 61) is **GRANTED and DENIED IN PART**, as detailed in this Order. The thumb drive that the plaintiffs lodged with the Court will not be unsealed.
7. The Clerk of Court is **DIRECTED** to **MAIL** the thumb drive that plaintiffs filed with the Court to the address plaintiffs provided on the docket:

   Joshua and Jessica Markle
   2605 S. Decatur Blvd.
   Ste 123, PMB 1011
   Las Vegas, NV 89102

8. The *Motions for Leave to File Document* (ECF Nos. 35 and 71) are both **DENIED** as unnecessary.
9. The *Motions to Compel* (ECF Nos. 36 and 73), the *Motion for a Status Check* (ECF No. 72), and the *Motion for Reconsideration* (ECF No. 76) are all **DENIED.**
10. The Motion for Entry of Default (ECF No. 63) is **DENIED AS MOOT.**

DATED: November 10, 2026.

Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, parties must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in sanctions.**